TEAMSTERS, CHAUFFEURS, WARE-
HOUSEMEN AND HELPERS UNION,
LOCAL NO. 59, Plaintiff, Appellant,

v.

SUPERLINE TRANSPORTATION
COMPANY, INC., et al.,
Defendants, Appellees.

No. 91–1713.

United States Court of Appeals,
First Circuit.

Heard Dec. 4, 1991.

Decided Jan. 7, 1992.

William M. Straus, with whom Lang, Straus, Xifaras & Bullard, New Bedford, Mass., was on brief, for plaintiff, appellant.

Arthur P. Murphy, with whom David W. Healey and Murphy, Hesse, Toomey and Lehane, Quincy, Mass., were on brief, for defendants, appellees.

Before SELYA, Circuit Judge, COFFIN, Senior Circuit Judge, and POLLAK,* Senior District Judge.

SELYA, Circuit Judge.

It is said that coming events often cast their shadows before, cf., e.g., Cicero, De Divinatione, I, 118 ("It was ordained at the beginning of the world that certain signs should prefigure certain events."), and so it is in this appeal. A battle which started to go sour for the appellant two years ago ends today in full retreat.

### I.

This case began with the filing of a verified complaint in November, 1988. The defendants answered in due course. On December 15, 1989, the defendants moved for summary judgment under Fed.R.Civ.P. 56(c). The motion went unopposed. On February 6, 1990, long after the time for responding to the Rule 56 motion had expired, Judge McNaught granted the mo-

tion. Judgment entered the same day. The appeal period ran and the court's file was closed.

On April 25, 1991, the plaintiffs attempted to resurrect the case from its own ashes. Invoking Fed.R.Civ.P. 60(b)(6), they sought to vacate the adverse judgment and to reopen the proceedings. The motion was accompanied neither by affidavits nor by "a memorandum of reasons, including citation of supporting authorities," as required by D.Mass.Loc.R. 7.1(a)(1). On May 8, the defendants filed an opposition. On May 20, Judge Skinner denied the plaintiffs' motion (Judge McNaught having retired), "[i]t not appearing that [either] plaintiff has a meritorious claim." This appeal followed.

### II.

■ The appellant, the Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 (the Union),[1] is interested in reopening the case to prosecute counts 3 and 4 of the complaint (seeking recoupment of vacation pay allegedly owed to Union members). In the first instance, an inquiring court should assume the truth of fact-specific statements contained in a Rule 60(b)(6) motion. See, e.g., United States v. Baus, 834 F.2d 1114, 1121 (1st Cir.1987) (suggesting that, on a Rule 60(b)(6) motion, the facts should be taken as the moving party alleges, to see whether those facts, if proven, would warrant relief). A court need not, however, give credence to the movant's bald assertions, unsubstantiated conclusions, periphrastic circumlocutions, or hyperbolic rodomontade. Stripped in this fashion, the Rule 60(b)(6) motion in the case at bar avers:

1. When defendants' motion for summary judgment was filed, plaintiffs' counsel did not simultaneously receive a copy of it (although the motion papers contained a satisfactory certificate of service).

2. When judgment was entered on February 6, 1990, the clerk of court did not send notice to the plaintiffs.

---

* Of the Eastern District of Pennsylvania, sitting by designation.

1. The original complaint was brought by two plaintiffs: the Union and an affiliated welfare fund. The fund joined in the Rule 60(b)(6) motion but has not appealed from the denial thereof.

3. By February 9, 1990, plaintiffs' counsel had learned of the summary judgment motion. He wrote to the clerk advising that he "ha[d] not received a copy of [the defendants' summary judgment motion]," and indicating that a response to the motion would be forthcoming.

4. On February 26, 1990, with defendants' assent, an opposition to the summary judgment motion was filed. As described, the opposition was a nullity; the plaintiffs did not move either to extend the time for opposing the defendants' Rule 56 initiative, see Fed.R.Civ.P. 6(b) (requiring court approval for retroactive enlargement of filing deadlines), or to set aside the February 6, 1990, judgment.

5. Unaware of the earlier entry of judgment, the plaintiffs attempted for over a year to negotiate a settlement of the underlying claims. They were unsuccessful.

6. On April 22, 1991, plaintiffs' counsel drafted and signed the Rule 60(b)(6) motion, which was docketed three days later.

In addition to what was stated therein, the motion papers were equally revealing for what they did not say. There was no mention, for example, of how, or when, the plaintiffs learned that the Rule 56(c) motion had been filed; why the judge was shunned when the plaintiffs sought to serve an opposition out of time; how, or when, the plaintiffs finally discovered that judgment had entered; what, if any, efforts the appellant made to monitor the docket and thereby protect its interests; etc. The motion did not reflect so much as a whisper of a hint of an intimation that, should the matter be restored to the docket, counts 3 and 4 (or any other claims contained in the complaint, for that matter) would likely prove to be winnable—much less an elucidation of the facts or reasoning upon which a conclusion of potential meritoriousness might plausibly rest.

### III.

▪ Motions brought under Civil Rule 60(b) are committed to the district court's discretion and denials thereof are reviewed only for an abuse of that discretion.[2] See Rodriguez–Antuna v. Chase Manhattan Bank Corp., 871 F.2d 1, 3 (1st Cir.1989); Ojeda–Toro v. Rivera–Mendez, 853 F.2d 25, 28 (1st Cir.1988). More specifically, the abuse-of-discretion standard applies in connection with appellate review of orders refusing to grant relief under Rule 60(b)(6). See, e.g., Mitchell v. Hobbs, 951 F.2d 417, 420 (1st Cir.1991); United States v. Parcel of Land, Etc. (Woburn City Athletic Club, Inc.), 928 F.2d 1, 5 (1st Cir.1991); United States v. Berenguer, 821 F.2d 19, 20 (1st Cir.1987). We discern no abuse on the record before us.

▪ Rule 60(b) invested the federal courts, in certain carefully delimited situations, with the power to "vacate judgments whenever such action is appropriate to accomplish justice." Klapprott v. United States, 335 U.S. 601, 614–15, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949). The rule attempts to harness a blend of centrifugal and centripetal forces. On the one hand, the rule must be construed so as to recognize the importance of finality as applied to court judgments. On the other hand, the rule must be construed so as to recognize the desirability of deciding disputes on their merits. The need to harmonize these competing policies has led courts to pronounce themselves disinclined to disturb judgments under the aegis of Rule 60(b)

2. The rule provides in pertinent part:
On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.
Fed.R.Civ.P. 60(b).

unless the movant can demonstrate that certain criteria have been achieved. In general, these criteria include (1) timeliness, (2) the existence of exceptional circumstances justifying extraordinary relief, and (3) the absence of unfair prejudice to the opposing party.[3] *See, e.g., Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990); *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 660–61 (1st Cir. 1990); *In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 249 (9th Cir.1989).

■ There is, however, an additional sentry that guards the gateway to Rule 60(b) relief. Although we appear never to have said so unreservedly, it is the invariable rule, and thus, the rule in this circuit, that a litigant, as a precondition to relief under Rule 60(b), must give the trial court reason to believe that vacating the judgment will not be an empty exercise. *See Boyd v. Bulala*, 905 F.2d 764, 769 (4th Cir.1990) ("a threshold condition for granting the relief is that the movant demonstrate that granting th[e] relief will not in the end have been a futile gesture"); *Lepkowski v. United States Dept. of Treasury*, 804 F.2d 1310, 1314 (D.C.Cir.1986) ("motions for relief under Rule 60(b) are not to be granted unless the movant can demonstrate a meritorious claim or defense"); *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir.1979) ("Courts require that a movant under Rule 60(b) assume the burden of showing a meritorious defense ... as a threshold condition to any relief whatsoever."); *In re Stone*, 588 F.2d 1316, 1319 (10th Cir.1978); *Beshear v. Weinzapfel*, 474 F.2d 127, 132 (7th

Cir.1973); *see also Woburn City Athletic Club*, 928 F.2d at 5 ("In exercising its discretion under Rule 60(b), the district court must look, *inter alia*, to whether the party seeking relief has a potentially meritorious claim or defense."); *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir.1989) (presence or absence of meritorious defense must be considered in connection with motion to remove entry of default); *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir.1980) (explicating precondition in respect to Rule 60(b)(1)).

■ This tenet is dispositive here. The Union, in its Rule 60(b)(6) motion, did not make any allusion to the viability of its underlying suit. Moreover, the defendants, in their written opposition to the motion, argued at some length that the Union's claims were doomed to fail. Despite this red alert, the Union never sought leave to file a rejoinder, *see* D.Mass.Loc.R. 7.1(a)(3) (in district court motion practice, reply briefs may be submitted "with leave of court"), or otherwise to controvert the defendants' point.[4] On this record, then, an essential precondition to Rule 60(b)(6) relief was unfulfilled.

The Union attempts to repair this defect by arguing before us that its case is, indeed, a potentially meritorious one. It urges that the very filing of a Rule 60(b)(6) motion is tantamount to a party's representation that a winnable claim or defense exists. But, this approach smacks of locking the barn door well after the horse has galloped into the sunset. At any rate, the approach is doubly flawed.

---

**3.** Often, the scope and shape of these criteria depend, at least in part, on which clause of Rule 60(b) governs a particular motion. For example, a "reasonable time" for bringing a motion under Rule 60(b)(4)–(6) may occasionally be more than the one-year outside limit provided for motions under Rule 60(b)(1)–(3). *See United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 660–61 (1st Cir.1990). Similarly, while the exceptional circumstances sufficient to trigger clauses (1)–(5) are limned in Rule 60(b) itself, clause (6) is a catchall. As the Court has written, "clause (6) and clauses (1) through (5) [of Rule 60(b)] are mutually exclusive." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 n. 11, 108 S.Ct. 2194, 2204 n. 11, 100 L.Ed.2d 855 (1988). *Accord Lubben v. Selective Serv. System Local Bd. No. 27*, 453 F.2d 645, 651 (1st Cir.1972).

**4.** The appellant suggests that, had the district court held a hearing rather than deciding the Rule 60(b) motion on the papers, the appellant would have persuaded the court of the viability of its claims. This suggestion overlooks, however, that the Union, by not requesting either an evidentiary hearing or oral argument on the motion, waived any entitlement to such further proceedings. *See, e.g., Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1120 (1st Cir.1989) (discussing movant's obligation to demand evidentiary hearing); D.Mass.Loc.R. 7.1(c) (a movant "who believes that oral argument may assist the court and wishes to be heard *shall* include a request for oral argument" in the motion papers) (emphasis supplied).

For one thing, while a movant, in order to set aside a judgment, need not establish that it possesses an ironclad claim or defense which will guarantee success at trial, it must at least establish that it possesses a potentially meritorious claim or defense which, if proven, will bring success in its wake. Such a showing requires more than an unsubstantiated boast. Even an allegation that a meritorious claim exists, if the allegation is purely conclusory, will not suffice to satisfy the precondition to Rule 60(b) relief. *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir.1988) ("meritorious defense requires a proffer of evidence which would permit a finding for the [movant]"); *Beshear*, 474 F.2d at 132 (the movant, if a plaintiff, "must show *facts* which, if established, might reasonably be said to be a basis for recovery") (emphasis supplied); *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir.1970) (similar); *see also Lepkowski*, 804 F.2d at 1314 n. 4 (suggesting that the movant, a plaintiff, had an obligation to "set forth facts" sufficient to raise the prospect of overcoming an identified defense). If a conclusory allegation that a claim is meritorious does not suffice to satisfy the Rule 60(b) precondition, *a fortiori*, the absence of *any* allegation is inadequate to that end.[5] *Accord Beshear*, 474 F.2d at 133.

The second flaw in the Union's approach is more basic still. If any principle is settled in this circuit, it is that, absent the most extraordinary circumstances, legal theories not raised squarely in the lower court cannot be broached for the first time on appeal. *See, e.g., McCoy v. Massachusetts Inst. of Technology*, 950 F.2d 13, 22 (1st Cir.1991); *Aoude v. Mobil Oil Corp.*, 862 F.2d 890, 896 (1st Cir.1988); *Clauson v. Smith*, 823 F.2d 660, 666 (1st Cir.1987). That is precisely the situation here. Moreover, there is nothing sufficiently compelling about this case to warrant relaxation of so fundamental a rule.

## IV.

We need go no further. In the absence of any cognizable representation that its underlying suit possessed merit, the Union was not entitled to favorable consideration of its Rule 60(b)(6) motion. Under these circumstances, the court below appropriately declined to grant relief from the February, 1990 judgment. We add, as an eschatocol of sorts, that not only the representation, but also the actuality, falls short. From all we have before us, it seems apparent that the appellant's suit is in fact meritless.

*Affirmed.*

---

5. In argument before us, the appellant suggested that, in order to find a winnable claim, the district court, unguided, should have looked to the plaintiffs' belated opposition to the defendants' Rule 56(c) motion, filed fourteen months earlier. We disagree. It would make no sense to require a busy trial court to excuse the lack of any allegation of meritoriousness and launch a search for usable needles in every haystack that dots the antecedent record, unassisted by the litigant who seeks to benefit from such a rummage. To the exact contrary, "[c]ourts are entitled to expect represented parties to incorporate all relevant arguments in the papers that directly address a pending motion." *McCoy v. Massachusetts Inst. of Technology*, 950 F.2d 13, 22 n. 7 (1st Cir.1991).