Aguiar, J.
This appeal raises the issue of whether the trial court erred by refusing to grant relief from the judgment of dismissal. We find there was no error.
On or about June 25, 1990, the plaintiff, Valerie A. Calia, while on the defendant’s premises as a business invitee, slipped on water that had been left on the floor by the defendant’s employee following the mopping of the floor.
Plaintiff filed suit in the Superior Court on or about Jan. 19, 1993. On or about Oct. 27,1993 the case was transferred for trial to the Taunton District Court. Plaintiff’s counsel received notice of the initial remand but thereafter neglected to note the order of transfer. The case was later dismissed by the clerk of the court on Jan. 11, 1995 pursuant to the Time Standards. The dismissal was sent to the plaintiff herself, Valerie Calia, not to her counsel.
On Feb. 12,1996, the plaintiff filed a motion to vacate dismissal. Said motion to vacate dismissal was denied after hearing on or about April 17,1996. On or about July 30,1996, the plaintiff filed a motion seeking the Court to reconsider the denial of her motion to vacate dismissal. On Aug. 15, 1996, Judge Dooley denied the motion. The plaintiff filed a Notice of Appeal on or about Aug. 26,1996.
The criteria for determining the propriety of vacating a default judgment include:
(1) timeliness of the moving party’s effort to cure a procedural flaw,
(2) the existence of exceptional circumstances justifying extraordinary relief, and
*50 (3) the absence of unfair prejudice to the opposing party. Eugene, 415 Mass. at 437, 614 N.E.2d at 648, quoting Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Trartsp. Co., Inc., 953 F. 2d 17, 20 (1st Cir. 1972).
The plaintiffs assertions that her claim has merit is disputed. The plaintiff admitted in her deposition that she received no medical bills relating to this injury. Counsel for the plaintiff initiated no discovery and ignored the case for well over two years.
In the interests of finality of decisions, courts should consider requests under Rule 60(b)(6) in only rare instances. Winthrop, 29 Mass. App. Ct. at 188, 588 N.E.2d at 1143.
There are simply no exceptional circumstances involved in this case. The plaintiff or counsel failed to prosecute this case prior to entry of judgment and ignored the case for over 13 months after entry of judgment
Further, great prejudice would result to the defendant if the judgment were to be vacated. This accident occurred over six (6) years ago. Purity Supreme, Inc. no longer exists as a supermarket chain, being purchased by another supermarket chain. As a result stores have been remodeled and personnel have undergone many changes. It is unknown whether witnesses are available and within the control of the defendant corporation. Thus, it would be extremely unfair and prejudicial to vacate the judgment in this instance.
For all of the above reasons the plaintiffs motion to reconsider the motion to vacate judgment was properly denied.
There was no error by the Trial Court and the appeal is dismissed.