**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-1568
No. 05-1862

MADELUX INTERNATIONAL, INC.,

Plaintiff, Appellant,

v.

BARAMA CO. LTD. ET AL.,

Defendants, Appellees.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]

Before

Selya, Lynch and Lipez,

Circuit Judges.

Freddie Perez-Gonzalez, with whom Freddie Perez-Gonzalez & Assoc., P.S.C. was on brief, for appellant.
Jorge Martinez Luciano, with whom Alfredo Acevedo Cruz and Law Offices of Pedro E. Ortiz Álvarez, PSC were on brief, for appellee Aljoma Lumber, Inc.
Kenneth C. Suria, with whom William Estrella Law Offices, PSC was on brief, for remaining appellees.

June 16, 2006

**SELYA**, **Circuit Judge**.  This is an appeal in which the applicable standard of review determines the outcome.  In the underlying action, plaintiff-appellant Madelux International, Inc. (MII) sued three defendants — Barama Co. Ltd. (Barama), Sterling Wood Products Corp. (Sterling), and Aljoma Lumber, Inc. (Aljoma) — for pecuniary damages.  Its amended complaint (the operative pleading for present purposes) alleged that the lead defendant, Barama, had transgressed the Dealer's Act, P.R. Laws Ann. tit. 10, § 278a (Law 75), by terminating, without the required statutory notice or cause, a purported exclusive distributorship agreement relating to the importation and sale of certain plywood panels in Puerto Rico.  Relatedly, the amended complaint alleged that another defendant, Aljoma, had tortiously interfered with these exclusive distribution rights.[1]  See P.R. Laws Ann. tit. 31, § 5141.

The case went to trial before the district court on December 6, 2004.  After MII rested, the court, ruling ore sponte, granted Aljoma's motion to dismiss.  At the conclusion of all the evidence, the court took the remaining issues under advisement.  It subsequently wrote a thoughtful rescript, in which it exonerated Barama and Sterling from liability under Law 75.  See Madelux

---

[1]The allegations against Sterling were vague and, in all events, the parties have treated Sterling as a marketing arm of Barama.  Accordingly, there is no need to discuss Sterling's liability separately.

Int'l, Inc. v. Barama Co., 364 F. Supp. 2d 68, 75 (D.P.R. 2005). This appeal followed.

We need not tarry. The district court, as evidenced by its rescript, id. at 73-74, correctly understood the applicable law (indeed, MII's appellate counsel, when pointedly questioned at oral argument, was unable to identify any material error of law). The case against Barama and Sterling therefore turns on the supportability of the district court's factual findings. See Sierra Fria Corp. v. Donald J. Evans, P.C., 127 F.3d 175, 180 (1st Cir. 1997). We can disturb those findings if, and only if, they are clearly erroneous, that is, if "after careful evaluation of the evidence, we are left with an abiding conviction that those findings . . . are simply wrong." State Police Ass'n v. Comm'r, 125 F.3d 1, 5 (1st Cir. 1997); accord Cumpiano v. Banco Santander P.R., 902 F.2d 148, 152 (1st Cir. 1990); Reliance Steel Prods. Co. v. Nat'l Fire Ins. Co., 880 F.2d 575, 576 (1st Cir. 1989). In conducting this tamisage, credibility determinations must be regarded as falling squarely within the trier's domain. See, e.g., Anthony v. Sundlun, 952 F.2d 603, 606 (1st Cir. 1991). It follows inexorably that the loser in a bench trial invariably faces a steep uphill climb when it aspires to impugn the trial court's factual findings.

Here, the attempt is hopeless. The applicability of Law 75 depends, inter alia, on proof that protected distributorship

rights exist.  See Borschow Hosp. & Med. Supplies, Inc. v. Cesar Castillo Inc., 96 F.3d 10, 14 (1st Cir. 1996); Vulcan Tools of P.R. v. Makita USA, Inc., 23 F.3d 564, 569 (1st Cir. 1994).  The lower court found, on conflicting facts and shades of meaning, that MII never enjoyed any such protected distributorship rights.  See Madelux Int'l, 364 F. Supp. 2d at 74-75.  We are satisfied, after close perscrutation of the record, that this finding was not clearly erroneous.  Thus, we must respect it.

MII argues that two pieces of correspondence — one dated December 11, 1995, and the other dated June 19, 1999 — compel a contrary finding.  We do not agree.  While those letters, in combination with other evidence, might have supported an inference favorable to MII, the district judge, sitting as the finder of the facts, chose not to draw such an inference.  See id. at 75.  Where, as here, the trier chooses between competing inferences, each of which is reasonable in light of the evidence as a whole, that choice cannot be deemed clearly erroneous.[2]  See Anderson v. City

---

[2]MII also argues that, apart from Law 75, it was entitled to recover on one or more other theories, namely, (i) for breach of contract, (ii) as a sales representative under Law 21, P.R. Laws Ann. tit. 10, § 279, and (iii) under common law.  These arguments were not raised below and, accordingly, cannot be advanced on appeal.  See Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 21 (1st Cir. 1992) ("If any principle is settled in this circuit, it is that, absent the most extraordinary circumstances, legal theories not raised squarely in the lower court cannot be broached for the first time on appeal.").

of Bessemer City, 470 U.S. 564, 573-74 (1985); Cumpiano, 902 F.2d at 152.

The same sort of reasoning applies to the entry of judgment in favor of Aljoma. Pertinently, Federal Rule of Civil Procedure 52(c) provides that "[i]f during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment" against that party without further ado. That is precisely what transpired here.

When a trial court enters judgment under Rule 52(c), we scrutinize its findings of fact for clear error.[3] See Marina Bay Realty Trust LLC v. United States, 407 F.3d 418, 423 (1st Cir. 2005). In this instance, the court found as a fact that Aljoma had no awareness of any protected distributorship rights held by MII (and, thus, was not liable for tortious interference with the same). See New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 10 (1st Cir. 2002) (explaining that, in bringing such a claim under Puerto Rico law, "the plaintiff must show that the defendant intended to interfere with the contract, knowing that this interference would cause injury to the plaintiff"). Bearing in mind that MII had the burden of proof on the issue of knowing

---

[3]With respect to Aljoma, as was the case with respect to Barama and Sterling, MII has not shown that the ruling appealed from is infected by any material error of law.

interference, see id., this finding, though perhaps not inevitable, was surely not clearly erroneous.

There is one remaining loose end.  MII requests for the first time on appeal that we certify a question as to the meaning and scope of Law 75 to the Puerto Rico Supreme Court.  We deny that request.  MII chose a federal forum and eschewed any request to the district court for certification.   Even in far more auspicious circumstances, we have not been receptive to requests for certification newly asserted on appeal, see, e.g., Nieves v. Univ. of P.R., 7 F.3d 270, 278 (1st Cir. 1993), and here, the district court's supportable factual finding that no protected distributorship rights existed undermines the argument that some unsettled issue of Puerto Rico law might be controlling.   Under these inauspicious circumstances, we once again refuse a belated request for certification.  See, e.g., id.; Fischer v. Bar Harbor Banking & Trust Co., 857 F.2d 4, 8 (1st Cir. 1988).

We need go no further.[4]  For the reasons elucidated above, we affirm the judgment of the district court.

**Affirmed**.

_____

[4]MII also complains of an error regarding the lower court's handling of expert testimony.  That testimony, however, related almost exclusively to damages.  Since we affirm the district court's finding of no liability, the issue of damages (and, hence, the evidentiary issue) is moot. See Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1, 5 n.5 (1st Cir. 1983).