**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 06-2286

ALEXANDER MONGE,

Plaintiff, Appellant,

v.

ANGEL CORTÉS ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., <u>Senior U.S. District Judge</u>]

Before

Boudin, <u>Chief Judge</u>,
Selya, <u>Senior Circuit Judge</u>,
and Stafford,[*][**] <u>Senior District Judge</u>.

<u>Peter John Porrata</u> on brief for appellant.
<u>Ivonne Cruz-Serrano</u> on brief for appellees Cortés, Marín, Aquino, and Díaz.
<u>Salvador J. Antonetti-Stutts</u>, Solicitor General, <u>Mariana Negrón-Vargas</u> and <u>Maite D. Oronoz-Rodríguez</u>, Deputy Solicitors General, and <u>Susana I. Peñagaricano-Brown</u>, Assistant Solicitor General, on brief for remaining appellees.

May 25, 2007

---

[*]Of the Northern District of Florida, sitting by designation.

**Per Curiam**.  It is trite, but true, that civil trials are most often won or lost in the district court.  This appeal involves a plaintiff who paid scant attention to the ground rules that governed the district court proceedings.  He now belatedly attempts to right his sinking ship.  His effort founders.

The dispute between the parties had its genesis in an incident that occurred at the Puerto Rico Medical Center, a government-run facility, on June 26, 2003.  The details of that incident are chronicled in Monge v. Cortés, 413 F. Supp. 2d 42, 45-49 (D.P.R. 2006) (Monge I), and we assume the reader's familiarity with that rescript.

In brief, the plaintiff, Alexander Monge, alleges that six named defendants — five security guards (one an officer) and a policeman — accosted him because they were disgruntled with his choice of a parking spot at the medical center.  According to Monge, four of the defendants used excessive force against him while the other two failed to intervene (and, thus, all six violated his constitutional rights).

Monge made those allegations the centerpiece of a federal civil rights suit that he filed pursuant to 42 U.S.C. § 1983 on June 23, 2004.[1]  The defendants denied the pivotal allegations of the complaint.

---

[1]The suit also contained supplemental statements of claim under Puerto Rico law, but Monge has eschewed any separate discussion of those claims.

In the ordinary course, the district court issued a case-management order and set a finite period for pretrial discovery. Following the expiration of that period, all six defendants moved for summary judgment. The plaintiff secured an extension of time for responding but then permitted the new deadline to pass without obtaining a further extension.[2]

The record reflects that the plaintiff — contrary to the assertions in his appellate brief — did not file a timely opposition to the summary judgment motion. The district court deemed the motion unopposed; adopted the movants' facts as stated, see D.P.R. R. 56(e); and granted summary judgment in favor of two movants (Juan Matos and José Torres). See Monge I, 413 F. Supp. 2d at 52-54.[3] However, the court denied the motion as to the four remaining defendants, namely, Angel Cortés, Miguel Marín, Carlos Aquino, and Gilberto Díaz. See id. at 50-52.

The case against those four defendants went to trial on February 8, 2006. The jury heard the evidence and, on February 15, returned a take-nothing verdict. Monge moved for a new trial, see Fed. R. Civ. P. 59(a), and for relief from judgment, see Fed. R. Civ. P. 60(b). The trial court denied both entreaties. See Monge

---

[2]The plaintiff did belatedly seek a further extension of time but never received one.

[3]In a subsequent opinion, issued during the trial, the district court explained in some detail why it had accepted the movants' facts. See Monge v. Cortés 413 F. Supp. 2d 54 (D.P.R. 2005) (Monge II).

v. <u>Cortés</u>, No. 04-1596, slip op. (D.P.R. July 21, 2006) (unpublished) (<u>Monge III</u>). This timely appeal followed.

We abjure the temptation to write at length but, rather, explain briefly why we find this appeal to be utterly without merit.

<u>First</u>: The plaintiff vigorously attacks the entry of summary judgment in favor of the defendants Matos and Torres, the lower court's acceptance of the defendants' statement of material facts, and the court's denial of his two motions for reconsideration. This attack is futile. On this record, the district court was entitled to treat the motion for summary judgment as unopposed and, therefore, to take the movants' properly supported statements of undisputed fact as true. <u>See</u> D.P.R. R. 56(e); <u>see</u> <u>also</u> <u>Cordero-Soto</u> v. <u>Island Fin., Inc.</u>, 418 F.3d 114, 118 (1st Cir. 2005); <u>Vélez</u> v. <u>Awning Windows, Inc.</u>, 375 F.3d 35, 41-42 (1st Cir. 2004).[4] On this basis, the movants' papers showed quite clearly that no genuine issue of material fact existed as to either Matos or Torres. <u>See</u> <u>Monge I</u>, 413 F. Supp. 2d at 52-54. Accordingly, both of those defendants were entitled to summary judgment. <u>See</u> Fed. R. Civ. P. 56(c).

_____

[4]Here, moreover, the district court went the extra mile, exhibiting considerable discernment in its treatment of the facts. <u>See</u>, <u>e.g.</u>, <u>Monge II</u>, 413 F. Supp. 2d at 56-59 (assessing whether particular facts fairly could be deemed uncontested).

-4-

In all events, we have examined the plaintiff's late-filed opposition. Even had that opposition been considered — but setting to one side, however, bald assertions, unsupported conclusions, and vituperative epithets — summary judgment still would have been warranted for Matos and Torres. With that in mind, we are confident that the district court did not abuse its discretion in denying the plaintiff's two motions for reconsideration.

We add that the plaintiff's tardy attempt to invoke estoppel principles by way of post-trial motions is hopeless. To be sure, certain of the defendants were convicted on misdemeanor and/or weapons charges arising out of the fracas at the medical center. The plaintiff belatedly urged that these convictions should have worked an estoppel. See, e.g., Kowalski v. Gagne, 914 F.2d 299, 303 (1st Cir. 1990).

There are several problems with this argument. The most prominent is that the issues tried in the criminal cases appear to be different from the issues involved in this civil case. We say "appear to be" because the plaintiff never introduced in the district court the judgments and related records anent the criminal case. Without those prior judgments and records the plaintiff's claim cannot succeed.[5]

---

[5]That is especially so since the judgments and records are in the Spanish language, and only a few isolated pages, none properly authenticated, were produced at trial. This, in itself, was a

Equally unavailing is the plaintiff's claim that a provision of the Victim & Witness Protection Act, 18 U.S.C. § 3664(l), counsels in favor of an estoppel. On this subject, it suffices to say that no such claim was advanced below. "If any principle is settled in this circuit, it is that, absent the most extraordinary circumstances, legal theories not raised squarely in the lower court cannot be broached for the first time on appeal." Teamsters, Chauffeurs, Warehousemen & Helpers Union v. Superline Transp. Co., 953 F.2d 17, 21 (1st Cir. 1992). There are no extraordinary circumstances here.

Second: The plaintiff next asserts that, at trial, the district court improperly limited his cross-examination of Cortés and Torres. The record belies that assertion. For one thing, the district court allowed the plaintiff broad leeway in cross-examination. For another thing, the specific "abridgment" to which the plaintiff adverts relates to his attempt to cross-examine based on material not seasonably identified by him in advance of trial (as required by the court's case-management order). Federal practice does not favor trial by ambush, and barring the proposed use of such previously undisclosed materials was entirely within the court's discretion. See Macaulay v. Anas, 321 F.3d 45, 50-53

fatal flaw. See Estades-Negroni v. Assocs. Corp. of N. Am., 359 F.3d 1, 2 (1st Cir. 2004).

(1st Cir. 2003) (holding adherence to temporal parameters relative to discovery to be within the trial court's discretion).

<u>Third</u>: The plaintiff's penultimate claim of error relates to the denial of his motion for a new trial.  The granting or denial of such motions is in the trial court's sound discretion, <u>see</u> <u>Correia</u> v. <u>Fitzgerald</u>, 354 F.3d 47, 54 (1st Cir. 2003), and we see no hint of any misused discretion here.

<u>Fourth</u>: The plaintiff's final assignment of error relates to the denial of his post-trial motion for relief from judgment, which was premised on a claim of fraud and misrepresentation.  <u>See</u> Fed. R. Civ. P. 60(b)(3).  Such a claim, however, requires more than the frenzied brandishing of a cardboard sword.  We have scoured the record and find this claim to be brazenly asserted but totally unsubstantiated.  There is nothing here — and even less in the district court record — to suggest anything remotely resembling fraud or misrepresentation.

The short of it is that none of the aforementioned arguments is meritorious.  To the extent that the plaintiff's poorly organized brief can be read as attempting to raise other contentions, those contentions are inadequately developed, unconvincing, or both.  The judgment of the district court must, therefore, stand.

**Affirmed**.  **See** **1st Cir. R. 27.0(c).**