**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 08-1517

MÁXIMA D. MARRERO,

Plaintiff, Appellant,

v.

RAFAEL D. ARAGUNDE, in his personal capacity and as Secretary of
Puerto Rico Department of Education, WALDO TORRES, in his
personal capacity and as Under Secretary, JENNIFER GLEASON-
ALTIERI, in her personal capacity and as Director of Legal
Affairs, LIZZETTE PILICH, in her personal capacity and as
Assistant Secretary for Human Resources, JOHN DOE, and JANE DOE,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before
Torruella, Selya, and Tashima,[*]
Senior Circuit Judge.

John Ward-Llambías, on brief for appellant.
Rosa Elena Pérez-Agosto, Assistant Solicitor General, Irene
S. Soroeta Kodesh, Solicitor General of Puerto Rico, on brief for
appellees.

August 27, 2009

---

[*]    Of the Ninth Circuit, sitting by designation.

**TASHIMA**, <u>Senior Circuit Judge</u>.  Plaintiff Maxima D. Marrero ("Marrero") sued various Puerto Rico Department of Education ("Department") officials (collectively "Defendants") pursuant to 42 U.S.C. § 1983, alleging that they retaliated against her on the basis of her political beliefs in violation of the First and Fourteenth Amendments.  The district court granted Defendants' motion to dismiss, concluding that a forum selection clause in a prior Settlement Agreement between Marrero and the Department required that her claims be litigated in the Puerto Rico Commonwealth courts.  Marrero timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

## I.  Background

Marrero has worked at the Department for more than twenty years, most recently as the Director of the Office of Rules and Regulations.  She is an active member of the New Progressive Party ("NPP").  In the course of her tenure, the Department's leadership shifted from NPP members to members of the Popular Democratic Party ("PDP").  Marrero contends that Defendants are all members of the PDP.

In 2004, Cesar A. Rey Hernandez, then Secretary of the Department, recommended Marrero for a promotion (a "reclassification" in the Department's parlance).  She alleges that Rey's staff failed to take any action on the recommendation.

On December 7, 2004, Marrero filed an administrative appeal before the Public Service Human Resources Appeals Commission ("Commission"), alleging that the Department was unlawfully refusing to promote her. On March 2, 2005, the Commission issued a resolution approving a binding Settlement Agreement ("Agreement") between Marrero and the Department. The Agreement stipulated that the Department had discriminated against Marrero, and provided that it would promote her within fifteen days. Marrero, for her part, agreed to waive all claims against the Department and its officers that could arise from facts related to the Agreement. The Agreement also provides that if any Department officials failed to comply with its terms, "it will be deemed an admission of a civil rights violation, and the case will be submitted to the jurisdiction of the Superior Court, San Juan Part" for an assessment of damages.

On January 17, 2007, Marrero sued the Department in the Superior Court of San Juan. In her complaint, Marrero alleged that Department officials had breached the Agreement, mistreated and humiliated her, and deprived her of the resources necessary to fulfill the responsibilities of her position.[1]

Approximately six months later, Marrero filed the present action in federal district court. Her federal complaint alleges

---

[1] According to Defendants, the case was dismissed for lack of proper service, and is now pending certiorari review before the Puerto Rico Supreme Court.

violations of her First and Fourteenth Amendment rights and seeks damages as well as declaratory and injunctive relief. She contends that Department officials refused to promote her, mistreated and humiliated her, subjected her to irregular disciplinary actions, and deprived her of the resources and personnel necessary to fulfill the duties of her position. Department officials took all of the above retaliatory actions, Marrero alleges, because of her NPP affiliation.

Defendants filed a series of motions to dismiss, or in the alternative, to stay the case. They contended that: (1) the Agreement's forum selection clause required Marrero to litigate her claims in the Puerto Rico Commonwealth courts; (2) the statute of limitations had run on her political discrimination claims; (3) the court should abstain under the Colorado River abstention doctrine, see Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 814-16 (1976) (holding that, in limited circumstances, federal courts should abstain from deciding a case when there are related proceedings pending in state court); (4) her claims were barred by the Eleventh Amendment; and (5) the complaint failed to state a claim on which relief could be granted. The district court then ordered Marrero to show cause why her complaint should not be dismissed on the basis of the Agreement's forum selection clause. After receiving briefing from all parties on the issue, the court

granted Defendants' motion and dismissed the case with prejudice. Marrero timely appealed.[2]

## II.  Discussion

We review the dismissal of Marrero's complaint de novo, assuming the truth of all well-pleaded facts and construing all reasonable inferences in her favor. Fitzgerald v. Harris, 549 F.3d 46, 52 (1st Cir. 2008).

In granting the motion to dismiss, the district court concluded that the claims set forth in Marrero's complaint all "stem from the [Department's] alleged refusal to comply with the Settlement Agreement," and thus, the Agreement's forum selection clause requires that her claims be litigated in local court.[3]

A mandatory forum selection clause carries a "strong presumption of enforceability." Rivera v. Centro Medico de Turabo, Inc., No. 07-2657, 2009 WL 2343132, at *6 (1st Cir. Jul. 31, 2009).[4]  Federal courts will enforce such clauses "unless the

---

[2]  Marrero also filed an untimely motion for reconsideration, which the district court denied.  She does not appeal the denial of the motion for reconsideration, and thus we do not review it here.

[3]  "[W]hen 'a complaint's factual allegations are expressly linked to – and admittedly dependent upon – a document (the authenticity of which is not challenged),' then the court can review it upon a motion to dismiss." Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 34 (1st Cir. 2001) (quoting Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998)).

[4]  Marrero does not challenge the district court's conclusion that the Agreement's forum selection clause is mandatory, rather than permissive. See Rivera, 2009 WL 2343132, at

resisting party can show 'that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching . . . [or that] enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.'"  Id. (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)).

Marrero does not argue that the Agreement's forum selection clause is invalid, or that its enforcement would be unreasonable.  The crux of her argument on appeal seems to be that some of the instances of political discrimination described in her complaint are factually unrelated to the Department's alleged failure to comply with the Agreement.  These particular acts of discrimination, she contends, go beyond the Department's refusal to promote her, and thus are not governed by the Agreement and its forum selection clause.

Marrero, however, did not raise this argument before the district court.  Indeed, despite a clear prompt, her response to the court's order to show cause does not mention the forum selection clause at all, much less comment on its scope. Arguments not presented to the district court are deemed waived on appeal. See Cohen v. Gen. Motors Corp. (In re New Motor Vehicles Canadian

*5 (describing the difference between a mandatory and a permissive forum selection clause).  We thus assume, without deciding, that the district court did not err in deeming the clause mandatory.

- 6 -

Exp. Antitrust Litig.), 533 F.3d 1, 6 (1st Cir. 2008) (pointing out that "plaintiffs failed to raise this argument before the district court and thus have waived it" (citing Teamsters Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 21 (1st Cir. 1992))).

Because Marrero waived the only argument that she now tenders in her opening brief on appeal that challenges the basis for the decision below, we affirm the judgment of the district court.[5]  Further, because we decide this case on grounds of waiver, we take no view as to the correctness of the district court's interpretation or application of the Agreement's forum selection clause.

**AFFIRMED.**

---

[5]    As noted, the district court's dismissal was "with prejudice."  We construe that term as precluding the refiling of this action (or the same claims) in federal court, but not as a bar to refiling in the forum specified in the Agreement's forum selection clause.