BARRON, Circuit Judge,
dissenting.
The majority suggests that the District Court erred in assessing the timeliness of the Rule 60(b) motion and in failing to give sufficient credence to. the allegations contained in the supporting affidavits. But any error in the District Court’s treatment of the timeliness of the motion cannot warrant reversal because the District Court did not rest the denial solely on that basis. We thus may reverse only if the District Court erred in how it responded to the substance of the allegation contained in the affidavits that the jury was exposed to a settlement offer. I do not see, however, how the District’ Court erred in that regard.
As the majority notes, a. district court is required to assume “the truth of fact-specific statements contained in” a Rule 60(b) motion. See Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 18 (1st Cir.1992). The District Court was thus obliged to take as true that a report of juror misconduct reached the petitioner Bouret — not that the juror made the report, or even that the juror’s employer passed the report to the expert witness Irizarry. But that being all that must — or even legally can — be taken as true, I do not see what the District Court did wrong. The majority itself describes the jury’s purported exposure to the settlement offer as a “rumor” resting on “layers of hearsay.” Maj. Op. 47. The judge’s implicit characterization of the allegation as a “mere rumor[]” was thus entirely accurate.
Of course, there remains the issue whether the District Court exercised its discretion unreasonably when it refused to investigate the rumor further. The majority suggests that the reports of the rumor set forth in the affidavits were sufficiently “troubling” that the District Court should have undertaken further investigation given the difficulty the petitioner would have had in substantiating the rumor. But the core allegation — namely, that jurors became aware of settlement discussions and used this awareness to reject Bouret’s claims against the defendants — was an “unsubstantiated conclusion!]” resting on indirect sources. Superline, 953 F.2d at 18. And I do not believe a different view about how discretion should be exercised in the face of a petition based on such an unsubstantiated rumor — made well after a final verdict — supplies a sufficient reason to conclude that discretion was abused or exercised unreasonably.[10] As a result, I respectfully dissent.

. There is no precedent beyond Superline that elaborates on the showing that a party must make to require a district court to hold an evidentiary hearing in circumstances akin to those presented here. But analogous precedent from the criminal context — which the majority also takes to be relevant — seems to me to support the conclusion that the District Court had considerable discretion to make the call it made. See United States v. Connolly, 341 F.3d 16, 34 (1st Cir.2003) ("A court should only conduct such an inquiry when 'reasonable grounds for investigation exist,’ i.e., ‘there is clear, strong, substantial and incontrovertible evidence that a specific, non-speculative impropriety has occurred which could have prejudiced the trial of a defendant.' ” (quoting United States v. Sun Myung Moon, 718 F.2d 1210, 1234 (2d Cir.1983))); see also, e.g., United States v. Villar, 586 F.3d *51 76, 88 (1st Cir.2009) ("[T]he district judge is in the best position to make the initial judgment. If in this case he thinks further inquiry appropriate, he is free to proceed....”); United States v. Mikutowicz, 365 F.3d 65, 75 (1st Cir.2004) (the District Court "acted within its considerable discretion by declining to investigate” when confronted with a speculative claim of misconduct during trial); Mahoney v. Vondergritt, 938 F.2d 1490, 1493 (1st Cir.1991) (finding that a full hearing “would have been premature” where "the judge was faced only with impressionistic concerns about improprieties”); id. at 1492 ("Whether or not the vague allegations in the juror's letter were enough to require any response by the trial court, it is evident that her unfocused, unsworn assertions demanded no more than the preliminary inquiry that the judge agreed to conduct.” (footnote omitted)); Neron v. Tierney, 841 F.2d 1197, 1205 (1st Cir.1988) ("The caselaw, as we read it, fully supports the conclusion that a convicted defendant cannot lay claim to a constitutional right to cross-question jurors in the absence of an adequate evidentiary predicate.”).