**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 17-1768

ROOSEVELT REO PR II CORP.,

Plaintiff-Appellee,

v.

IAN DEL LLANO-JIMÉNEZ; KAREN BARREDA-RIVERA; CONJUGAL
PARTNERSHIP DEL LLANO-BARREDA,

Defendants-Appellants.

No. 17-1919

ROOSEVELT REO PR CORP.; ROOSEVELT CAYMAN ASSET COMPANY,

Plaintiffs-Appellees,

v.

MANUEL ANGEL VEGA-BONILLA; PAMELA IVETTE PÉREZ-RIVERA,

Defendants-Appellants.

No. 17-2007

ROOSEVELT REO PR CORP.,

Plaintiff-Appellee,

v.

JOSÉ ALBERTO HERNÁNDEZ-TORRES,

Defendant-Appellant,

ARLIN GARCÍA-MALDONADO,

Defendant.

No. 18-1022

ROOSEVELT REO PR CORP.; ROOSEVELT CAYMAN ASSET COMPANY,

Plaintiffs-Appellees,

v.

IRIS YOLANDA CARDONA-TIRADO,

Defendant-Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, Jr., Chief U.S. District Judge]
[Hon. Francisco A. Besosa, U.S. District Judge]
[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Stahl, Circuit Judges.

Vanessa Saxton-Arroyo and Joseph F. Gierbolini-Bonilla on briefs, for appellants.
Francisco Fernández-Chiqués and Fernández Chiqués, LLC on briefs for appellees Roosevelt REO PR II Corp., and Roosevelt REO PR Corp., and Roosevelt Cayman Asset Company.
Sergio A. Ramírez de Arellano and Sarlaw LLC on briefs for appellees Roosevelt REO PR Corp. and Roosevelt Cayman Asset Company.

April 9, 2019

**STAHL**, **Circuit Judge**.  These appeals arise out of four mortgage defaults in Puerto Rico.  Plaintiffs-appellees, the owners and holders of the notes, brought actions against defendants-appellants seeking to foreclose on the properties in question.  In each case, the district court granted judgment to appellees.  After entry of judgment, appellants sought relief from judgment under Federal Rules of Civil Procedure 60(b), but the motions were denied.  Finding no abuse of discretion in the decisions below, we affirm.

## I.      Background

We briefly set forth the procedural history of this litigation as relevant to the denial of the Rule 60(b) motions. See Dávila-Álvarez v. Escuela de Medicina Universidad Cent. del Caribe, 257 F.3d 58, 61 (1st Cir. 2001).

In all four cases, the district court entered judgment against the appellants.  The appellants then moved to dismiss or stay the proceedings, arguing that they were parties to a class action suit, González-Camacho v. Banco Popular de Puerto Rico, No. 17-1448 (D.P.R.).  That suit was brought on behalf of a purported class of mortgagors against a variety of financial institutions -- including appellees -- and alleged violations of various federal laws, including the Real Estate Settlement Procedures Act, Home Affordable Modification Program, Truth in Lending Act, and Home Affordable Refinance Program.  The motions did not explain why a

dismissal or stay was warranted other than asserting that appellants were members of the purported class, which was never certified. The district court denied each of the motions in short electronic orders.[1]

Shortly thereafter, the appellants filed motions for reconsideration and other post-judgment relief pursuant to Rule 60(b), invoking the pending class action suit and claiming inter alia that they were deceived by the appellees' misrepresentations. However, the motions were devoid of supporting documentation and were denied. These appeals followed.

**II.      Analysis**

In their briefs, the appellants purport to raise as many as fourteen separate issues,[2] including claims that appellees violated the Fifth and Fourteenth Amendments and committed breach of contract. However, with respect to the vast majority of those issues, the appellants' briefs simply "mention a possible argument in the most skeletal way, leaving the court to do counsel's work, creature the ossature for the argument, and put flesh on its bones." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Accordingly, those arguments have been waived. See id. We will,

---

[1] One of the motions was denied as moot, as in the intervening time the district court issued an order confirming a judicial sale of the property in question.

[2] The Vega-Pérez brief only raises twelve issues.

however, address the sole argument that was substantively discussed in the appellants' briefs: a challenge to the district courts' denial of appellants' Rule 60(b) motions for post-judgment relief.[3]

"Rule 60(b) grants federal courts the power to vacate judgments 'whenever such action is appropriate to accomplish justice.'" Bouret-Echevarría v. Caribbean Aviation Maint. Corp., 784 F.3d 37, 41 (1st Cir. 2015) (quoting Teamsters, 953 F.2d at 19). That rule provides "six reasons justifying relief from final judgment," id., of which three are at issue here. Under Rule 60(b)(1), relief may be granted for "mistake, inadvertence, surprise, or excusable neglect"; under Rule 60(b)(3), relief may be granted for "fraud . . . , misrepresentation, or misconduct by an opposing party"; and Rule 60(b)(6) allows motions based on "any other reason that justifies relief."

Our review of denials of motions brought under Rule 60(b) is only for abuse of discretion. See Teamsters, 953 F.2d at 19. We have stated that "relief under Rule 60(b) is extraordinary in nature and that motions invoking that rule should be granted sparingly." Rivera-Velázquez v. Hartford Steam Boiler Inspection

_____

[3] The appellants also discuss a "redemption of litigious credit" argument in their briefs. However, as that issue was not presented below, it is waived. See United States v. McKelvey, 203 F.3d 66, 70 (1st Cir. 2000) (citing Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 21 (1st Cir. 1992)).

and Ins. Co., 750 F.3d 1, 4 (1st Cir. 2014) (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002) (internal quotation marks omitted)).  As a general matter, Rule 60(b) motions should not be granted unless the party seeking relief can show (1) that the motion was timely, (2) that exceptional circumstances justifying relief exist, (3) that the other party would not be unfairly prejudiced, and (4) that there is a potentially meritorious claim or defense.  Teamsters, 953 F.2d at 20.  Courts are not to "give credence to [a] movant's bald assertions, unsubstantiated conclusions, periphrastic circumlocutions, or hyperbolic rodomontade."  Id. at 18.

In addition, motions for relief under Rules 60(b)(1), (b)(2), and (b)(3) must be made within a year of entry of judgment. Fed. R. Civ. P. 60(c)(1).  While motions for relief under Rule 60(b)(6) are not subject to a strict time limit, in this circuit a party invoking that subsection must make a "showing of extraordinary circumstances suggesting that the party is faultless in the delay."  Dávila-Álvarez, 257 F.3d at 67 (internal quotation marks and citations omitted) (emphasis added).

Here, none of the appellants have shown that they were entitled to Rule 60(b) relief.  It suffices to say that appellants presented no evidence to the district court to support their claims

that they were deceived by appellees.[4]  Therefore, their arguments amount to nothing more than the "bald assertions" and "unsubstantiated conclusions" we have instructed district courts to ignore.  Teamsters, 953 F.2d at 18.  And, while appellants alleged in their motions for reconsideration that appellees failed to comply with a panoply of federal laws and regulations in the foreclosure process (their "dual tracking" claim), such an argument should have been raised prior to the entry of judgment.[5]  Cf. Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15 (1st Cir. 2006) (stating that as to a motion for reconsideration under Rule 59(e), such a motion "does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the

---

[4] There are other reasons why Rule 60(b) relief was not warranted.  For example, the Llano-Barreda appellants rely on a "Statement under Penalty of Perjury" as evidence of appellees' wrongdoing.  However, that statement was signed on January 15, 2018, over six months after an appeal was docketed in their case.  Accordingly, the district cannot have abused its discretion in failing to consider that document.  Similarly, appellant Hernández-Torres filed his Rule 60(b) motion on August 7, 2017, 585 days after the district court entered default judgment against him.  Therefore, he was barred from relying on subsections (1)-(3) in his motion.  See Fed. R. Civ. P. 60(c).

[5] The Vega-Pérez appellants were the only appellants to respond to the complaint.  However, in their opposition to a motion for summary judgment, they conceded all material facts and made a single argument that the district court deemed "patently incorrect."

district court prior to the judgment") (internal quotation marks and citation omitted).

**III.    Conclusion**

For the foregoing reasons, the decisions denying appellants' motions for post-judgment relief are AFFIRMED.