**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 20-1925

UNITED STATES OF AMERICA,

Appellee,

v.

DAMIEN BYNOE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Barron, Selya, and Gelpí,
Circuit Judges.

George F. Gormley, Stephen Super, and George F. Gormley, P.C. on brief for appellant.
Nathaniel R. Mendell, Acting United States Attorney, and Karen L. Eisenstadt, Assistant United States Attorney, on brief for appellee.

January 12, 2022

PER CURIAM. A federal grand jury sitting in the District of Massachusetts charged defendant-appellant Damien Bynoe with one count of possession with intent to distribute heroin and cocaine, see 21 U.S.C. § 841(a)(1), and one count of being a felon in possession of a firearm and ammunition, see 18 U.S.C. § 922(g)(1). On January 8, 2020, the appellant and the government entered into a plea agreement (the Agreement), and the appellant tendered a guilty plea to both counts of the indictment. In the Agreement, the government promised to recommend a sentence within the guideline sentencing range (GSR) as computed by the district court. [Material redacted].

The presentence investigation report recommended a combined GSR (for the two counts) of 188 to 235 months. Because the appellant had three prior convictions for violent felonies and/or serious drug offenses, he was subject to a fifteen-year mandatory minimum on the firearms count. See id. § 924(e). In its sentencing memorandum, the government sought a within-the-range 210-month aggregate sentence. It premised this sentence recommendation, inter alia, on the appellant's admitted status as an armed career criminal. It also explained, [material redacted], why it was not recommending either a downward departure or a below-guidelines sentence. For his part, the appellant filed a sentencing memorandum in which he argued his entitlement for either a downward departure or a below-guidelines sentence.

- 2 -

The district court convened the disposition hearing [material redacted] on September 8, 2020. Defense counsel complained that the government was "reneging" on its reduced-sentence commitment. When the court sought to clarify defense counsel's argument, counsel insisted that he wanted the court to ask the prosecutors "why they have reneged on th[e] [A]greement." The court rejoined that the Agreement, by its terms, did not commit the government to take any particular action but, rather, merely bound the government to "consider" taking such action. The court further explained that the prosecutor had made it pellucid that the government had considered the subject. To this, defense counsel replied: "I agree with that, Judge." The court then concluded the discussion by stating, "All right. Then they haven't reneged on their agreement." Defense counsel neither demurred nor objected.

[Material redacted]. Without objection, the court set the GSR at 188 to 235 months and noted the applicability of the fifteen-year mandatory minimum with respect to the firearms count. The government recommended an aggregate incarcerative sentence of 210 months, and the defense recommended an aggregate incarcerative sentence of 120 months. The court imposed an aggregate sentence of 210 months, to be followed by a six-year term of supervised release. This timely appeal ensued.

In this venue, the appellant argues that the government should have recommended a sentence reduction. [Rephrased sentence; original sentence redacted]. The appellant further argues that he "pleaded guilty . . . in reliance on that promise." This is precisely the claim that the appellant withdrew before the district court. It is, therefore, waived. See United States v. Carrasco-De-Jesús, 589 F.3d 22, 26 (1st Cir. 2009) (defining waiver as "intentional relinquishment of a known right"); see also United States v. Orsini, 907 F.3d 115, 120 (1st Cir. 2018) (holding that "exchange" between the prosecutor and defense counsel made "evident that the appellant intentionally relinquished" claim); United States v. Eisom, 585 F.3d 552, 556 (1st Cir. 2009) (finding waiver when appellant withdrew objection previously raised); United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002) (holding that "party who identifies an issue, and then explicitly withdraws it has waived the issue").

Even if not waived, we would find no plain error in the district court's determination that the government had not reneged on any promise made to the appellant. See United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001) (holding that plain error review applies when claim of error is not preserved below and delineating elements of plain error review); see also United States v. Colón-Rosario, 921 F.3d 306, 311 (1st Cir. 2019) (applying plain error standard to claimed breach of plea agreement). The Agreement

cannot support in any clear or obvious way a claim that the government "reneged" on a promise or commitment to recommend a sentence reduction. [Rephrased sentence; original sentence redacted].

We add a coda. To the extent that the appellant attempts to raise other arguments on appeal, those arguments are doubly flawed. First, inasmuch as the appellant received a within-guidelines sentence, those other arguments are barred by the waiver-of-appeal provision contained in the Agreement. See United States v. O'farrill-López, 991 F.3d 45, 48 (1st Cir. 2021); United States v. Teeter, 257 F.3d 14, 25 (1st Cir. 2001). Second, those arguments were not adequately developed below and, thus, were not preserved for appeal. See United States v. Pinkham, 896 F.3d 133, 141 (1st Cir. 2018); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990); see also Teamsters Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 21 (1st Cir. 1992) ("If any principle is settled in this circuit, it is that, absent the most extraordinary circumstances, legal theories not raised squarely in the lower court cannot be broached for the first time on appeal.").

We need go no further. For the reasons elucidated above, the judgment of the district court is summarily affirmed.

**Affirmed**. See 1st Cir. R. 27.0(c).

Note:  The unexpurgated version of this opinion remains under seal.  <u>See</u> Order of Court dated January 12, 2022.