# United States Court of Appeals

## For the First Circuit

No. 04-1832

IN RE: GREGORY ANTHONY MERCURIO, JR.,
Debtor

PETER J. FURNESS, in his capacity as Trustee of
the Distribution Trust for the Bankruptcy Estate
of GREGORY A. MERCURIO, JR.,

Plaintiff, Appellee,

v.

WRIGHT MEDICAL TECHNOLOGY, INC.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND
[Hon. Ronald R. Lagueux, U.S. District Judge]

Before

Torruella, Circuit Judge,
Coffin, Senior Circuit Judge,
and Stahl, Senior Circuit Judge.

James L. Beausoleil, Jr., with whom Matthew A. Taylor, Duane
Morris LLP, George E. Lieberman, and Tillinghast Licht Perkin Smith
& Cohen, LLP were on brief, for appellant.
Barbara H. Kramer, with whom Mitchell A. Kramer and Kramer &
Kramer were on brief, for appellee.

March 23, 2005

**TORRUELLA**, **Circuit Judge**.  Appellant Wright Medical Technology, Inc. ("Wright Medical"), a Tennessee corporation, appeals from the district court's refusal to enforce the forum selection clause in an arbitration provision that was part of a distribution agreement (the "Agreement") between Wright Medical and Ocean State Orthopedics, Inc. ("OSO"), a Rhode Island corporation. The district court affirmed a bankruptcy court's order that the arbitration of an underlying dispute regarding the Agreement take place in Rhode Island, contrary to the Agreement's plain language that the arbitration take place in Tennessee.

Because appellees have failed to show that the enforcement of the forum selection clause is unreasonable under the circumstances, we reverse the district court's decision. See The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972) (a "forum [selection] clause should control absent a strong showing that it should be set aside"); Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 386 (1st Cir. 2001) ("The prevailing view towards contractual forum-selection clauses is that 'such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances.'") (quoting The Bremen, 407 U.S. at 10).[1]

---

[1]  Although we acknowledge the precedential validity of the principle last presented in Young v. Levanthal, 389 F.3d 1 (1st Cir. 2004) (the applicability of a forum selection clause in an arbitration agreement is a matter of procedure to be decided by the arbitrator), and its probable applicability to the present

Wright Medical manufactures and distributes medical supplies from its principal place of business in Tennessee. In September 1995, Wright Medical entered into the Agreement with OSO, whereby OSO became the exclusive distributor for Wright Medical products in Rhode Island.[2] Appellee Gregory A. Mercurio, Jr., ("Mercurio"), was the president of OSO and signed the Agreement on its behalf.

Article 14 of the Agreement, entitled "Tennessee Contract," provides that it "shall be governed by and interpreted in accordance with the laws of the State of Tennessee." Article 16 of the Agreement, entitled "Arbitration of Disputes," is central to this appeal. It provides, in relevant part:

> All disputes arising in connection with this Agreement, including the interpretation, performance or non-performance of this Agreement, shall be settled in Memphis, Tennessee, USA, by arbitration in front of one

---

circumstances, this issue was not argued by the parties before either the bankruptcy or district courts, nor briefed or argued before us, and is thus deemed waived. See, e.g., García-Ayala v. Lederle Parenterals, Inc., 212 F.3d 638, 645 (1st Cir. 2000) (holding that failure to brief an argument constitutes waiver) (internal citations omitted); Sprague v. Dir., Office of Workers' Comp. Programs, U.S. Dept. of Labor, 688 F.2d 862, 869 (1st Cir. 1982) (declining to reach and decide an issue that was not briefed or developed in oral argument by either party). See also Playboy Enters. v. Public Serv. Comm'n, 906 F.2d 25, 40 (1st Cir.), cert. denied, 498 U.S. 959 (1990) ("An appellant waives any issue which it does not adequately raise in its initial brief.").

[2] The Agreement excepted sales made to certain specified medical entities.

Arbitrator. Such arbitrator shall be appointed by agreement of each of the parties. The arbitration procedures shall be held in accordance with the rules and procedures of The American Arbitration Association.

Any such arbitration shall be conducted in the English language and <u>shall be governed by laws of the State of Tennessee</u>. <u>Judgment upon the award may be entered in any court of competent jurisdiction of the State of Tennessee</u>.

(emphasis supplied).

In 1996, for reasons that are in dispute,[3] Wright Medical terminated the Agreement. Thereafter, Wright Medical proceeded to appoint another distributor for its products in Rhode Island.

At some point not relevant to this appeal, Mercurio filed a voluntary petition in bankruptcy under Chapter 11 of the Bankruptcy Act, 11 U.S.C. §§ 1101 <u>et seq.</u>, and Peter J. Furness ("Trustee") became the trustee in bankruptcy.

Five years after termination of the Agreement, the Trustee, on behalf of Mercurio, commenced the present suit as an adversary proceeding against Wright Medical in the U.S. Bankruptcy Court for the District of Rhode Island. The substance of this action concerns an alleged breach of contract by Wright Medical in terminating the Agreement. Wright Medical moved the bankruptcy

[3] Wright Medical claims that, because Mercurio suffered from chronic immunodeficiency illness, he was impeded from being present during surgical procedures, a situation which allegedly adversely affected Wright Medical's performance of the contract. In turn, Mercurio contended that his presence in the operating room was not a requirement under the Agreement.

court to compel arbitration of that controversy pursuant to the terms of the Agreement. The bankruptcy judge granted this request, but ordered the arbitration to take place in Rhode Island rather than in Tennessee as stipulated in the Agreement.

The record is fairly sparse as to the reasoning of the bankruptcy court in bypassing the Agreement's unambiguous language in this respect. The order itself merely states in conclusory language that the "arbitration take place in Rhode Island." From the transcript of the proceedings, however, it is apparent that the bankruptcy judge felt that there was a need to resolve the case with some celerity, and that sending the matter to Tennessee for arbitration, where none of the witnesses or evidence was present, would militate against this goal. Although we cannot fault the judge's laudable purpose, arbitration is a contractual matter in which, absent unusual circumstances not present in this case, the parties are entitled to the measure that they bargained for.

The bankruptcy judge's order was appealed to the district court, where the arguments followed suit to those made before the bankruptcy court. Thus, the transcript of the proceedings shows that the presence of witnesses in Rhode Island spurred the Trustee's argument, and in turn, the district judge's oral determination affirming the bankruptcy court's order. The district judge found that the Trustee would be "serious[ly] inconvenienc[ed] in litigating in Memphis, Tennessee," and "effectively deprived of

his day in court," and thus designated Rhode Island as the place of arbitration.  Cf. Arrow Plumbing & Heating, Inc. v. N. Am. Mech. Servs. Corp., 810 F. Supp. 369, 372-73 (D.R.I. 1993).

## II

The "'heavy burden of proof' . . . required to set aside [a forum selection] clause on grounds of inconvenience," Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991), demands more of a litigant, however, than simply showing that another location would be more convenient.  Were it otherwise, forum selection clauses would almost never be enforceable, for inconvenience to at least one of the parties is an almost forgone conclusion when dealing with a provision that requires litigating away from one's home turf.  Yet these clauses are standard fare in today's multi-jurisdictional and international contractual relationships. At the time these contracts are entered into, the parties routinely, voluntarily, and knowingly agree to litigate and/or be bound by the decision of fora located in distant locations.  Thus, something considerably more than the mere inconvenience of traveling to litigate in a different, even faraway foreign jurisdiction, is required to overcome a contractual agreement to do so.  Royal Bed & Spring Co. v. Famossul Industria e Comercio de Moveis Ltda, 906 F.2d 45, 49 (1st Cir. 1990) ("[A] showing of inconvenience as to a foreign forum would not be enough to hold a forum-selection clause unenforceable, especially if that inconvenience was known or

contemplated by the parties at the time of their agreement."). The cost of such litigation alone cannot be enough to meet the "heavy burden" imposed upon the reneging party, who may now have second thoughts. Cent. Contracting Co. v. Maryland Cas. Co., 367 F.2d 341, 344 (3d Cir. 1966) ("Mere inconvenience or additional expense is not the test of unreasonableness since it may be assumed that the plaintiff received under the contract consideration for these things.").

The record in this case is bare of specific evidence regarding the extraordinary additional costs involved in litigating in Tennessee that were not foreseen by the contracting parties when they entered into the Agreement. OSO accepted some costs beforehand as a normal consequence of arbitrating in Tennessee. See The Bremen, 407 U.S. at 17-18; Moses v. Business Card Exp. Inc., 929 F.2d 1131, 1139 (6th Cir. 1991) (increased expenses are "inherent in a forum selection clause"). With a distributorship in Rhode Island, the likelihood existed that witnesses and evidence would be located there rather than in Tennessee. OSO, however, chose to commit to Tennessee as the forum for dispute resolutions. The Trustee stands in the debtor's shoes and is not entitled to avoid the forum selected by OSO on mere allegations of inconvenience. See In re Díaz Contracting, Inc., 817 F.2d 1047, 1052 (3d Cir. 1987) ("[N]either the bankruptcy court's intimate knowledge of nor [defendant's] concessions concerning [plaintiff-

debtor's] precarious financial condition operates to discharge its burden of establishing grave inconvenience under The Bremen [doctrine].").

The district judge's bare conclusion that the Trustee would be "deprived of his day in court" is unsupported by any evidence in the record. The Trustee was required to provide a factual record establishing the basis for his challenge to the forum selection clause. Fireman's Fund Am. Ins. Cos. v. Puerto Rican Forwarding Co., 492 F.2d 1294, 1297 (1st Cir. 1974) (a party must present evidence to establish that a forum selection clause is unreasonable); Arrow Plumbing, 810 F. Supp. at 372-73 (enforcing a forum selection clause where party failed to provide factual support for the assertion that it would be unable to pursue the matter in the selected forum). We find no evidence in the record that would support the conclusion that requiring the parties to arbitrate their dispute in Tennessee would deprive the Trustee of his day in court.

We finish with language which should have a familiar ring by now:

> Courts must give effect to . . . freely negotiated forum selection clauses . . . . [The parties'] choice of arbitral forum should have been honored by the district court. Courts may not rewrite the parties' agreements and compel arbitration of their dispute in a forum which is not one of those enumerated in an arbitration agreement's forum selection clause.

KKW Enters., Inc. v. Gloria Jean's Gourmet Coffees Franchising Corp., 184 F.3d 42, 52 (1st Cir. 1999) (internal citations omitted).

The district court must order appellants to file their arbitration in Tennessee. The decision of the district court is reversed in part and the case is remanded for action consistent with this opinion.

**Reversed in part and Remanded**.