FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

---

**BAP NO. MW 22-006**

---

**Bankruptcy Case No. 20-40118-CJP**

---

**VEENA SHARMA,**
**Debtor.**

---

**VEENA SHARMA,**
**Appellant,**

**v.**

**DENISE M. PAPPALARDO, Chapter 13 Trustee,**
**Appellee.**[1]

---

**Appeal from the United States Bankruptcy Court**
**for the District of Massachusetts**
**(Hon. Christopher J. Panos, U.S. Bankruptcy Judge)**

---

**Before**
**Lamoutte, Cabán, and Cary,**
**United States Bankruptcy Appellate Panel Judges.**

---

**Veena Sharma, pro se, on brief for Appellant.**
**Joanne Psilos, Esq., and Denise M. Pappalardo, Esq., on brief for Appellee.**

---

**January 25, 2023**

---

[1] On December 24, 2022, David A. Mawhinney succeeded Denise M. Pappalardo as the Chapter 13 Standing Trustee for cases filed in the Central and Western Divisions of the U.S. Bankruptcy Court for the District of Massachusetts. As of the date of this opinion, no party has filed a motion in this court to substitute Mawhinney for Pappalardo as the appellee in this case.

**Lamoutte, U.S. Bankruptcy Appellate Panel Judge.**

The debtor, Veena Sharma (the "Debtor"), appeals from the bankruptcy court's order denying her motion to reconsider its order dismissing her chapter 13 case. As discussed below, we treat the Debtor's notice of appeal as also encompassing the underlying dismissal order and **SUMMARILY AFFIRM** both orders.

## BACKGROUND[2]

### I. The Bankruptcy Filing

On January 27, 2020, the Debtor filed a voluntary petition for chapter 13 relief, pro se. On her Schedule A/B: Property, filed in March 2020, the Debtor indicated she owned a single-family residence located at 10 Wedgewood Drive in Andover, Massachusetts (the "Wedgewood Drive Property"), which she valued at $690,000. The Debtor also disclosed that she owned a condominium located at 71 Sterling Lane in Bradford, Massachusetts, which she valued at $230,000, and another condominium located at 14 Longwood Drive in Andover, Massachusetts (the "Longwood Drive Property"), which she valued at $175,000. On Schedule D: Creditors Who Have Claims Secured by Property, the Debtor listed County Mortgage, LLC ("County") as the holder of an "[a]lleged [m]ortgage on [r]eal [e]state," including the Wedgewood Drive Property. She stated the amount of the claim was $300,000. On Schedule E/F: Creditors Who Have Unsecured Claims, the Debtor did not list any claims.

On March 2, 2020, the Massachusetts Department of Revenue (the "MDOR") filed a proof of claim, asserting a claim for unpaid personal income taxes in the amount of $12,571.62, of which $11,380.27 was secured. The MDOR later amended its proof of claim in October 2021,

---

[2] References to "Bankruptcy Code" or to specific statutory sections are to 11 U.S.C. §§ 101-1532, unless otherwise noted. References to "Rule" are to the Federal Rules of Civil Procedure, and references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

reducing its claim to $5,625.08, of which $4,314.06 was secured. In May 2020, County filed a proof of claim in the amount of $482,847.69, indicating it held a mortgage on the Longwood Drive Property and the Wedgewood Drive Property.[3]

## II.     The Plan, Objections, and Orders Sustaining Objections

In her initial chapter 13 plan which she filed in March 2020 (the "Plan"), the Debtor again identified County as the holder of an "alleged mortgage." The Plan was silent as to any claims of the MDOR.

On May 14, 2020, the MDOR filed an objection to confirmation of the Plan primarily "on the grounds that it fail[ed] to provide . . . for payment" of the MDOR's tax claims or to acknowledge the existence of its liens. Four days later, County also filed an objection to Plan confirmation, arguing "the Debtor did not list County . . . as [the holder of] a secured claim against her principal residence . . . ." County added: "[W]hile it [wa]s not exactly clear what [the Debtor was] proposing, it seem[ed] that she only proposed . . . to pay the pre-petition arrears due [County] in the amount of either $300,000.00 or $37,500.00. Either amount would be significantly less than the total arrearage." County further contended the Plan was not feasible, as the Debtor could not "make all payments required," and the Plan was not proposed in good faith as evidenced by the Debtor's serial filings, including her five prior bankruptcy cases and various state court actions.

On September 4, 2020, after a hearing, the bankruptcy court entered separate orders, sustaining the MDOR's and County's objections to Plan confirmation and requiring the Debtor

---

[3] The docket reflects that, when the Debtor objected to County's proof of claim, the court sustained the objection on the basis that the proof of claim was untimely, having been filed after the expiration of the extended bar date. The court made no determination, however, as to the substantive grounds referenced in the objection, and the order was without prejudice to the claimant's ability to respond to any surrogate claim filed by the Debtor, or any rights that the claimant might have as a secured creditor. See U.S. Bank N.A. v. Blais (In re Blais), 512 B.R. 727, 730 n.2 (B.A.P. 1st Cir. 2014) (stating the Panel "may take judicial notice of the bankruptcy court's docket and imaged papers").

to file within 45 days an amended chapter 13 plan that addressed those objections and treated

their claims "in a manner permitted by the Bankruptcy Code."  The court also ordered

that, by the same deadline, the Debtor could "file a surrogate proof of claim on behalf of

[County] if she elect[ed] to do so."

### III.     The Amended Plans and Corresponding Objections

On October 19, 2020, the Debtor filed an Amended Plan (the "First Amended Plan").

Several days later, the MDOR filed an objection to confirmation of the First Amended Plan on

the same basis as its objection to the original Plan.

On November 2, 2020, the Debtor filed a Second Amended Plan, to which the MDOR

and County again objected, arguing that the plan failed to provide for their respective claims.  On

November 9, 2020, the chapter 13 trustee, Denise M. Pappalardo (the "Trustee"), also filed an

objection to confirmation of the Second Amended Plan, arguing, among other things, that it

impermissibly modified County's first mortgage in contravention of § 1322(b)(2).

On December 16, 2020, the Debtor filed a Third Amended Plan along with a motion

seeking its approval.  Both the MDOR and County opposed confirmation of the Third Amended

Plan on grounds similar to those previously asserted.[4]

### IV.     The Trustee's Motion to Dismiss and Order Sustaining Objections to Third Amended Plan

On January 13, 2021, the Trustee filed a motion to dismiss the Debtor's case (the

"Motion to Dismiss") pursuant to § 1307(c)(1), asserting the Debtor's failure to "adequately

address" the claims of the MDOR and County or to file another amended plan constituted "an

unreasonable delay prejudicial to creditors . . . ."

---

[4]  On December 24, 2020, the bankruptcy court ruled the First Amended Plan, the Second Amended Plan, and the corresponding objections were moot.

4

On June 2, 2021, without a hearing, the court entered an order sustaining the pending objections to the Third Amended Plan, which order provided in relevant part:

> No responses having been filed to the confirmation objections, the objections are sustained, and Debtor's Motion to Approve Amended Plan . . . is DENIED.

> On or before June 23, 2021, the Debtor shall file and serve an amended plan and a motion to approve the same addressing the sustained confirmation objections, failing which the court shall enter an order allowing the Motion to Dismiss without further notice or hearing.

## V.     Fourth Amended Plan, Objections, and Orders Sustaining Objections

On June 22, 2021, the Debtor filed a Fourth Amended Plan, together with a Motion to Amend Chapter 13 Plan (the "Motion to Amend"). In Part 3 of that plan concerning secured claims, the Debtor checked the box indicating she had "none." In the accompanying Motion to Amend, the Debtor argued that County's claim was the subject of litigation pending in state court and that her husband had entered into an agreement with the MDOR that "resolve[d]" its claims. Therefore, she argued, the Fourth Amended Plan "adequately" addressed County's and the MDOR's claims. The Debtor added that she had filed Amended Schedules I and J to reflect that she was "providing all of her disposable income."

County, the MDOR, and the Trustee opposed confirmation of the Fourth Amended Plan on the grounds that it failed to provide for County's and the MDOR's claims. The Trustee added that the Debtor lacked sufficient income to fund the Fourth Amended Plan as required under § 1325(a)(6), and that neither the Debtor's chapter 13 petition nor the Fourth Amended Plan were filed in good faith as required under § 1325(a)(3) and (7). The Trustee elaborated:

> The Debtor has been in bankruptcy for approximately nineteen (19) months and filed five (5) plans. She has failed to achieve confirmation as each plan fails to provide for the claims as filed. As a result, creditors are not receiving distributions while subject to the automatic stay. The Debtor is no closer to achieving confirmation of a plan than she was on the petition date, yet she continues to enjoy the benefits associated with Chapter 13.

5

After conducting a telephonic hearing, the bankruptcy court entered three orders on November 2, 2021. In the first order, the court sustained the Trustee's objection to the Fourth Amended Plan and directed the Debtor, on or before November 18, 2021, to "file and serve an amended chapter 13 plan, a motion to approve the amended plan, supplemental [S]chedules I and J, and a notice of or motion to amend schedules." In the second order, the bankruptcy court required the Debtor to file, by November 2, 2021, a motion for leave to file an objection to County's proof of claim, "with a copy of the proposed objection attached as an exhibit." Also, the bankruptcy court again directed the Debtor to file an amended plan that "address[ed] County's claim" and a motion to approve that plan. In the third order, the bankruptcy court directed the MDOR to file an amended proof of claim by November 2, 2021, and the Debtor to file an objection to the MDOR's amended proof of claim by November 16, 2021.[5] The order further specified that the Debtor's amended chapter 13 plan should address the MDOR's amended claim.

In response to the November 2, 2021 orders, the Debtor filed a series of three requests for extensions of time to comply. Following the Debtor's first request, the bankruptcy court entered an order on November 5, 2021, granting the Debtor an extension to November 16, 2021 to object to County's proof of claim but leaving all other deadlines intact. The court explicitly ruled:

> The deadline for the Debtor to file an objection to the MDOR's amended proof of claim shall remain unchanged and is due by November 16, 2021 at 4:30 P.M. . . .
>
> The deadline for the Debtor to file and serve an amended chapter 13 plan that addresses the MDOR and County Mortgage claims, a motion to approve the amended plan, supplemental Schedules I and J, and a notice of or motion to amend schedules remains November 18, 2021 at 4:30 P.M.

---

[5] The claims registry reflects that the MDOR's last amended proof of claim, in the amount of $5,625.08, was filed on October 20, 2021.

After the Debtor filed a second request for extension of time on November 17, 2021, the court entered an order the following day, this time granting the Debtor an extension until December 1, 2021 to file an objection to County's and the MDOR's proofs of claim, "an amended chapter 13 plan that addresse[d] [those] claims," a motion to approve the amended plan, and supplemental Schedules I and J. The court further ordered: "On or before **December 1, 2021 at 4:30 P.M**., the Debtor shall also file evidence of the health[-]related issues referenced in the motion from a health care provider, which should be filed under seal in accordance with Local Rule 9018-1."

On November 30, 2021, the Debtor filed a third motion for extension of time, seeking an extension until December 15, 2021 to file the required documents. In support of her request, the Debtor represented that she had been injured in a fall. The bankruptcy court entered an order, granting the motion in part and denying it in part as follows:

> The deadline for the Debtor to file the outstanding items is extended to **Friday, December 10, 2021 at 4:30 P.M.**
>
> Any further extension requests must be accompanied by a letter from a treating physician confirming the health[-]related issues referenced in the motion and stating it is not possible for the Debtor to comply with the order to file the outstanding documents, even with the assistance of her spouse. Such letter shall be filed under seal in accordance with Local Rule 9018-1 to the extent it contains sensitive medical information.

On December 10, 2021, the Debtor filed a Motion to Accept Chapter 13 Plan ("Motion to Accept Plan"). She did not, however, file a further amended plan, supplemental Schedules I and J, a notice of or motion to amend schedules, or claim objections as directed. Presumably, by this motion, the Debtor was seeking approval of the Fourth Amended Plan. Accompanying the motion was the Debtor's response to the pending objections to confirmation of the Fourth Amended Plan. Neither the MDOR nor County responded to the Motion to Accept Plan.

## VI.    The Trustee's Second Motion to Dismiss

On December 15, 2021, the Trustee filed another motion to dismiss the Debtor's bankruptcy case pursuant to § 1307(c)(1) (the "Second Motion to Dismiss"), asserting "it d[id] not appear the Debtor [was] any closer to achieving confirmation than on the date the petition was filed."

## VII.    The December 27, 2021 Order

On December 27, 2021, the court denied the Motion to Accept Plan (the "December 27, 2021 Order"), reasoning:

> The Motion does not satisfy the Debtor's obligation to file the outstanding documents due pursuant to the orders entered on November 5, 2021 and November 18, 2021, at Dkt. Nos. 209 and 212, respectively. The Debtor having failed to file the outstanding documents due by the most recently extended deadline, see order entered at Dkt. No. 217, **the case shall be dismissed without further notice if the documents are not filed on or before January 6, 2022 at 4:30 P.M.**

## VIII.    The Dismissal Order

The Debtor did not file any of the documents required by the January 6, 2022 deadline. Therefore, on February 11, 2022, the bankruptcy court entered an order dismissing the case (the "Dismissal Order"). The order explicitly provided: "The Debtor having failed to comply with the order at Dkt. [No.] 221 [(i.e., the December 27, 2021 Order)], the case is hereby dismissed."[6] The bankruptcy court subsequently denied as moot the Motion to Amend as well as the Second Motion to Dismiss.

---

[6] The bankruptcy court's docket reflects that the Dismissal Order was served on the Debtor the same day it was entered.

8

**IX.    The Reconsideration Motion and the Order Denying Reconsideration**

Twelve days later, on February 23, 2022, the Debtor filed a motion for reconsideration of the Dismissal Order (the "Reconsideration Motion") without citing any legal authority for the requested relief. In support of reconsideration, the Debtor simply stated:

I have been paying all dues as directed by the honorable court[.]

"The case against the creditor, County Mortgage, LLC, is in Honorable Supreme Judicial Court (SJC-13135) for predatory lending and mortgage fraud."

(emphasis omitted). The Debtor attached to the Reconsideration Motion an incomplete Notice of Objection to Claim form. Moreover, the Reconsideration Motion was silent regarding the Debtor's failure to file the missing documents and gave no indication whether or when those documents might be filed.

In an order issued on March 1, 2022, the bankruptcy court denied the Reconsideration Motion (the "Order Denying Reconsideration"). Without referencing a particular rule, the Order Denying Reconsideration provided: "Motions to vacate dismissals must be accompanied by satisfactory evidence that the deficiencies or other grounds for dismissal have been rectified or are being rectified simultaneously with the filing of the motion." On March 4, 2022, the bankruptcy court clerk served a Notice of Dismissal on the Debtor, again informing the Debtor that her bankruptcy case had been dismissed on February 11, 2022.

On March 10, 2022, the Debtor filed a notice of appeal, stating she was appealing from "Item[ ] Nos. 235 & 237 on Docket Sheet"—the Order Denying Reconsideration and the clerk's Notice of Dismissal, respectively. The Debtor attached the Order Denying Reconsideration and the Notice of Dismissal to her notice of appeal.

9

## SCOPE OF THE APPEAL

Before addressing the merits of an appeal, we must determine whether we have jurisdiction, even if the question is not raised by the litigants. Formatech, Inc. v. Sovereign Bank (In re Formatech, Inc.), 483 B.R. 363, 367 (B.A.P. 1st Cir. 2012) (citation omitted). In order to assess our jurisdiction, we must first identify what is on appeal.

In her notice of appeal, the Debtor identifies the Order Denying Reconsideration and the *Notice* of Dismissal—instead of the underlying Dismissal Order. The Trustee therefore asserts that our review is limited to the Order Denying Reconsideration, arguing the Notice of Dismissal is not appealable as it does not constitute a court order. The question thus becomes whether this appeal encompasses the underlying Dismissal Order despite the Debtor's failure to list it with precision.

"As a general rule, a notice of appeal must specify the *orders and judgments* that the appellant intends to contest." Batiz Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 3 (1st Cir. 2002) (emphasis added) (citation omitted). In assessing the propriety of construing a notice of appeal designating only an order denying reconsideration as permitting review of the underlying order, the U.S. Court of Appeals for the First Circuit considers "whether the defect in the notice of appeal has prejudiced the appellee and whether the appellant's intent to appeal the underlying order is manifest." Caribbean Mgmt. Grp., Inc. v. Erikon LLC, 966 F.3d 35, 41 (1st Cir. 2020) (citations omitted). Moreover, the First Circuit instructs that an appellate court is not "invariably" bound to read the notice of appeal "literally," stating: "Such formalism is not obligatory; instead, our precedents encourage us to construe notices of appeal liberally and examine them in the context of the record as a whole." Batiz Chamorro, 304 F.3d at 3 (citation omitted).

10

Here, the Trustee opted not to brief the underlying order based on her assumption that the Debtor "did not appeal the Dismissal Order." While the Debtor does not distinguish between the Dismissal Order and the Order Denying Reconsideration in the "discussion" section of her brief, she identifies the Dismissal Order as one of the issues on appeal as follows: "Whether Trustee[] erred in asking for dismissal and bankruptcy judge also erred in granting dismissal." This statement reflects the Debtor's desire for the Panel to consider the propriety of the underlying Dismissal Order. Additionally, although much of the Debtor's original statement of issues filed with the bankruptcy court is difficult to understand, one statement from that submission is clear: "[T]he case should not be dismissed."

Furthermore, the Debtor's timely filing of the Reconsideration Motion within 14 days of the Dismissal Order operated to toll the appeal period for the Dismissal Order. See Fed. R. Bankr. R. 8002(b)(1) (regarding the effect of a motion under Bankruptcy Rule 9023 or 9024 on the time to appeal). In sum, a liberal reading of the Debtor's notice of appeal, see Batiz Chamorro, 304 F.3d at 3, the statement of issues set forth in the Debtor's brief, the Debtor's statement of issues filed in the bankruptcy court, and the timing of the Reconsideration Motion all support extending the scope of this appeal to include the underlying Dismissal Order. Accordingly, we review both the Dismissal Order and the Order Denying Reconsideration.

### POSITIONS OF THE PARTIES

### I. The Debtor

In her brief, the Debtor identifies three issues: (1) whether the bankruptcy court "erred in granting dismissal"; (2) whether the bankruptcy court "erred twice in allowing County . . . to continue [its] claim"; and (3) whether the bankruptcy court erred in allowing the MDOR's claim

11

"when [the] MDOR didn't object to Debtor's Chapter 13 plan." The Debtor asserts it was "unfair" for the bankruptcy court to "allow[ ]" County's claim and directs our attention to Docket No. 219—her Motion to Accept Plan. As for the MDOR, the Debtor asserts: "[The MDOR] has been uncertain how they want to get paid as they made [a] payment arrangement with Debtor's husband twice . . . ." She adds, inexplicably, that the MDOR did not object to the "Debtor's chapter 13 plan" and "the latest deduction by MDOR was on May 2, 2022." Significantly, the Debtor is silent regarding her own failure to file the outstanding documents in her case by the January 6, 2022 deadline.

## II. The Trustee

As previously noted, the Trustee exclusively addresses the Order Denying Reconsideration. Emphasizing that the Debtor failed to state whether she was seeking relief from the Dismissal Order under Rule 59(e) or Rule 60(b), the Trustee contends the Debtor could not satisfy the requirements of either rule. Additionally, the Trustee asserts that the Reconsideration Motion overlooks the Debtor's failure to properly file and serve objections to County's and the MDOR's claims and to file an amended plan which provided for those claims. Based on the foregoing, the Trustee argues the Panel should affirm the Order Denying Reconsideration.

## APPELLATE JURISDICTION

We have jurisdiction to hear appeals from final orders. See 28 U.S.C. § 158(a)-(c); see also Ritzen Grp., Inc. v. Jackson Masonry, LLC, 140 S. Ct. 582, 587 (2020). "An order dismissing a [c]hapter 13 case is a final, appealable order." Benoit v. Deutsche Bank Nat'l Tr. Co. (In re Benoit), 564 B.R. 799, 804 (B.A.P. 1st Cir. 2017) (citations and internal quotation marks omitted). We have previously held that an order denying reconsideration is final if the underlying order is final, and together the two orders end the litigation on the merits.

12

Mondríguez-Torres v. Castillo Lopez (In re Castillo Lopez), 629 B.R. 322, 327 (B.A.P. 1st Cir. 2021).  Applying this standard, the Order Denying Reconsideration also may be characterized as final, and we have jurisdiction to consider both orders.

## STANDARDS OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo.  Jeffrey P. White & Assocs., P.C. v. Fessenden (In re Wheaton), 547 B.R. 490, 496 (B.A.P. 1st Cir. 2016) (citation omitted).  An order dismissing a chapter 13 petition for failure to comply with a bankruptcy court order is reviewed for abuse of discretion.  Howard v. Lexington Invs., Inc., 284 F.3d 320, 322-23 (1st Cir. 2002).  Orders denying motions for relief from judgment under Rule 60(b) and Bankruptcy Rule 9024 are reviewed for abuse of discretion.  See E. Sav. Bank v. LaFata (In re LaFata), 483 F.3d 13, 23 (1st Cir. 2007) (stating Rule 60(b) decisions are reviewed for abuse of discretion); Shek v. Burchard, No. 19-cv-00588-EMC, 2019 WL 2191811, at *2 (N.D. Cal. May 20, 2019) (stating decisions under Bankruptcy Rule 9024 and Rule 60 are reviewed for abuse of discretion); Hoti Enters., L.P. v. GECMC 2007 C-1 Burnett St., LLC (In re Hoti Enters., L.P.), No. 12-CV-5341 (CS), 2012 WL 6720378, at *2 (S.D.N.Y. Dec. 27, 2012) (same), aff'd, 549 F. App'x 43 (2d Cir. 2014).

## DISCUSSION

### I.     The Standards

#### A.     The § 1307(c) Standard Governing Dismissal

"Section 1307 governs dismissal of a chapter 13 case."  In re Benoit, 564 B.R. at 805 (quoting In re Baril, No. 09-20112, 2015 WL 1636442, at *2 (Bankr. D. Me. Apr. 10, 2015)).  "Section 1307(c) provides that, 'on request of a party in interest or the United States trustee and after notice and a hearing,' the court, for cause, may dismiss a case under chapter 13 or convert the case to chapter 7, 'whichever is in the best interests of creditors and the estate.'"

13

In re Acevedo, No. 12-12393-JNF, 2014 WL 1664255, at *3 (Bankr. D. Mass. Apr. 24, 2014) (quoting 11 U.S.C. § 1307(c)). "The three princip[al] requirements of dismissal under § 1307 are: (1) the request of a party in interest or the United States Trustee, (2) notice and a hearing, and (3) a showing of cause." Minkes v. LaBarge (In re Minkes), 237 B.R. 476, 478 (B.A.P. 8th Cir. 1999) (footnotes omitted). "The moving party under [ ] § 1307(c) bears the burden of proof." Zizza v. Pappalardo (In re Zizza), 500 B.R. 288, 292 (B.A.P. 1st Cir. 2013) (citation and internal quotation marks omitted). Dismissal under § 1307(c) is committed to the bankruptcy court's discretion. In re Benoit, 564 B.R. at 805 (citing Howard, 284 F.3d at 322-23). "Cause for dismissal is not specifically defined in [§] 1307, but subsection (c) sets forth [a] non-exclusive list of eleven examples of cause." In re Acevedo, 2014 WL 1664255, at *3 (citing 11 U.S.C. § 1307(c)) (other citation omitted). One of those is "unreasonable delay by the debtor that is prejudicial to creditors." See 11 U.S.C. § 1307(c)(1).

When "evaluating whether there has been unreasonable delay [by the debtor] which is prejudicial to creditors, the court must consider whether the debtor has engaged in some form of unreasonable delay, and whether the delay has been prejudicial." Zareas v. Bared Espinosa (In re Bared Espinosa), Adv. Pro. No. 04-0298, 2006 WL 3898379, at *4 (Bankr. D.P.R. Jan. 27, 2006) (discussing cause for dismissal under analogous § 1112(b)(1)) (citing Lawrence P. King, Collier on Bankruptcy ¶ 1112.04[5][c] (15th ed. rev. 2005)); see also Penland v. Rakozy (In re Penland), BAP No. ID-05-1467-HKMa, 2006 WL 6811002, at *4 (B.A.P. 9th Cir. Aug. 17, 2006) ("To support cause for dismissal, § 1307(c)(1) requires the bankruptcy court to find that a debtor was a proponent of unreasonable delay that resulted in prejudice to creditors.") (citation omitted). The First Circuit has explained that dismissal under § 1307(c)(1) is appropriate when "further delay [by the debtor] would only prejudice creditors and ma[k]e the feasibility of any

14

plan unlikely." Howard, 284 F.3d at 323 (affirming dismissal where debtor failed to file her tax returns by court-ordered deadline) (citation omitted).

### B.      Motions to Reconsider Dismissal Orders

"Motions for reconsideration are not recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure . . . ." Surita Acosta v. Reparto Saman Inc. (In re Surita Acosta), 497 B.R. 25, 31 (Bankr. D.P.R. 2013) (citations omitted). "Rather, federal courts have considered motions so denominated as either a motion to 'alter or amend' under [Rule] 59(e)," made applicable to bankruptcy by Bankruptcy Rule 9023, "or a motion for relief from judgment or order under [Rule] 60(b)," made applicable to bankruptcy by Bankruptcy Rule 9024. Id. (citations omitted); see also Fed. R. Bankr. P. 9023; Fed. R. Bankr. P 9024. Where, as here, "a moving party fails to specify the rule under which it makes a post-judgment motion, the characterization [of the motion] is left to the court . . . ." Barger v. Hayes Cnty. Non-Stock Co-op (In re Barger), 219 B.R. 238, 244 (B.A.P. 8th Cir. 1998) (citation omitted). "[T]he applicable rule often depends on the time [the] motion is filed." Nieves Guzmán v. Wiscovitch Rentas (In re Nieves Guzmán), 567 B.R. 854, 862 (B.A.P. 1st Cir. 2017) (citation omitted). "A motion under Rule 59(e) must be filed within 14 days of the entry of the judgment or order." Id. at 863. "A Rule 60(b) motion may also be filed within 14 days of the entry of the judgment or order, but if a motion is filed after the 14-day period, and within one year of the entry of the judgment or order, the motion is usually construed under Rule 60(b)." Id. Additionally, "[t]he substance of the motion, not the nomenclature used . . . , is controlling." Id. (citation and internal quotation marks omitted)

Although the Debtor filed the Reconsideration Motion within 14 days of the entry of the Dismissal Order, the substance of the requested relief—vacating the Dismissal Order—fell squarely within the ambit of Rule 60(b). Courts have recognized that "[m]otions to vacate

15

dismissal orders, or motions to reinstate cases as they are colloquially called, are frequent procedural requests under [c]hapter 13" and that "bankruptcy courts are authorized to set aside a final judgment or order, including case dismissal orders, under [Bankruptcy Rule] 9024, which incorporates [Rule] 60(b) into practice under the Bankruptcy Code." Geberegeorgis v. Gammarino (In re Geberegeorgis), 310 B.R. 61, 66 (B.A.P. 6th Cir. 2004) (citing In re King, 214 B.R. 334, 336 (Bankr. W.D. Tenn. 1997); In re Woodhaven, Ltd., 139 B.R. 745, 749 (Bankr. N.D. Ala. 1992)). In addition, while the bankruptcy court did not explicitly identify which rule it was relying upon when it entered the Order Denying Reconsideration, its reference in that order to the relief, "vacat[ing] dismissals," suggests that it viewed the Reconsideration Motion within the framework of Rule 60(b). In light of the foregoing, we treat the motion similarly.

### C.    Rule 60(b)

Rule 60(b) sets forth six reasons that justify granting relief from a final judgment or order:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Motions to vacate an order or judgment under Rule 60(b) are left to the "sound discretion" of the trial court. Taylor v. Bos. & Taunton Transp. Co., 720 F.2d 731, 732 (1st Cir.

16

1983) (citations omitted).  Recognizing the importance of finality as applied to judgments, the

First Circuit limits relief under Rule 60(b) to situations where "the movant can demonstrate that

certain criteria have been achieved," including: "(1) timeliness, (2) the existence of exceptional

circumstances justifying extraordinary relief, and (3) the absence of unfair prejudice to the

opposing party."  Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v.

Superline Transp. Co., 953 F.2d 17, 20 (1st. Cir. 1992) (citations omitted).  "There is . . . an

additional sentry that guards the gateway to Rule 60(b) relief."  Id.  "[I]t is the invariable rule . . .

in this circuit, that a litigant, as a precondition to relief under Rule 60(b), must give the trial court

reason to believe that vacating the judgment will not be an empty exercise."  Id.  (citations

omitted).  "[M]otions for relief under Rule 60(b) are not to be granted unless the movant can

demonstrate a meritorious claim or defense."  Id. (quoting Lepkowski v. U.S. Dep't of the

Treasury, 804 F.2d 1310, 1314 (D.C. Cir. 1986)).

> Additionally, one court of appeals has stated as follows with respect to Rule 60(b) relief:
>
> We think it a sound practice to insist, as a condition of reinstating a case under
> Rule 60(b), that the defaulting party cure all defaults still within his [or her]
> power to cure.  It would take an extraordinary set of facts—one we cannot now
> imagine—to make a case of "abuse of discretion" in failing to restore to the
> docket a case in which the defaulting party is still in default at the time the [trial
> court] judge rules on the motion to vacate. . . .  To reinstate a case in which the
> party remains in default is to abandon all hope of both general and specific
> deterrence . . . .

Tolliver v. Northrop Corp., 786 F.2d 316, 319 (7th Cir. 1986) (citation omitted).  Moreover, trial

courts are vested with the power under Rule 60(b) "to impose specific terms and conditions upon

reopening of a judgment or default . . . ."  A & A Mach. Moving, Inc. v. Am. Wrecking Corp. of

N.J., No. Civ.A. 03-5971, 2004 WL 350179, at *3 (E.D. Pa. Feb. 24, 2004) (citation omitted);

see also Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982) (acknowledging

"trial court's power under Rule 60(b) to impose terms and conditions upon the opening of a judgment") (citations omitted).

## II. Threshold Issue: Consequence of the Debtor's Failure to Submit an Adequate Brief

At the outset, we are confronted with an opening brief that is seriously deficient when read in view of the briefing requirements established by the Federal Rules of Bankruptcy Procedure and this circuit. We must address these shortcomings before attempting to apply the legal standards framed above.

Bankruptcy Rule 8014 sets forth a list of requirements that "must" be contained in the appellant's opening brief. See Fed. R. Bankr. P. 8014 (providing briefing requirements); 1st Cir. BAP L.R. 8014-1 (same); see also Sioson v. Knights of Columbus, 303 F.3d 458, 459 (2d Cir. 2002) (describing briefing requirements under Fed. R. App. P. 28(a), Bankruptcy Rule 8014's counterpart, as "mandatory" and dismissing appeal for noncompliance). Although the Debtor was given several opportunities to amend her opening brief,[7] she has failed to comply with the briefing requirements of Bankruptcy Rule 8014 in several respects. First, although the Debtor's brief includes what purports to be a table of authorities, that table includes only a single legal reference, 28 U.S.C. § 158(a). See Fed. R. Bankr. P. 8014(a)(3) (requiring table of authorities listing cases, statutes, and other authorities). The Debtor's brief is devoid of references to any other legal authorities. See Fed. R. Bankr. P. 8014(a)(8) (requiring "citations to the authorities . . . on which the appellant relies"). Second, the brief contains no statement concerning the appeal's filing date, which would establish the timeliness of the appeal, and no assertion that the appeal is from a final judgment. See Fed. R. Bankr. P. 8014(a)(4) (setting forth requirements for

---

[7] After the Debtor filed her opening Brief on May 26, 2022, the Panel issued an Order Regarding Deficient Brief and Appendix, itemizing the deficiencies and the controlling rules, and directing the Debtor to submit a corrected Brief and Appendix by June 10, 2022. After receiving an extension of time to comply, the Debtor filed an Amended Brief and Amended Appendix, which she further amended on two occasions thereafter.

jurisdictional statement). Third, for each issue presented, the Debtor fails to provide "a concise statement of the applicable standard of appellate review." See Fed. R. Bankr. P. 8014(a)(5). Fourth, although the Debtor attempts to provide a statement of the case setting out the facts relevant to the issues submitted for review, she identifies only four facts and includes virtually no citations to the record. See Fed. R. Bankr. P. 8014(a)(6). Finally, there is no summary of the argument—indeed, the argument itself consists of only three terse, numbered paragraphs. See Fed. Bankr. R. 8014(a)(7) (requiring argument summary).

The foregoing procedural nonconformities are not the only deficiencies plaguing the Debtor's brief. There are substantive flaws as well. For instance, although this appeal is taken from the Order Denying Reconsideration and presumably from the underlying Dismissal Order as discussed above, the Debtor's brief does not specifically address either order. In particular, the Debtor does not discuss how the bankruptcy court abused its discretion in entering the challenged orders. Moreover, even construing her brief liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), the Debtor fails to challenge or raise any argument whatsoever regarding the bankruptcy court's essential finding underlying the Dismissal Order—namely, that she failed to properly file objections to the MDOR's and County's claims, an amended plan which provided for the claims of those creditors, or a supplemental Schedule I and J; nor does the Debtor address the bankruptcy court's ruling on reconsideration that she was required to rectify those failures.

When the form and/or content of an appellant's brief has reflected such disregard for the rules of appellate procedure that meaningful review has been precluded, previously we have summarily affirmed. See, e.g., Sirikanjanachai v. Massachusetts (In re Sirikanjanachai), BAP No. MB 20-003, 2020 WL 7647510, at *6 (B.A.P. 1st Cir. Dec. 21, 2020) (stating "[i]t is not the duty of this Panel to develop the Debtor's arguments for [her], find the legal authority to support those arguments, or guess at what part of the record may be relevant"); Town of Hingham v.

19

Sirikanjanachai (In re Sirikanjanachai), BAP No. MB 18-059, 2019 WL 6605858, at \*4 (B.A.P. 1st Cir. Dec. 4, 2019); Ross v. Educ. Credit Mgmt. Corp. (In re Ross), BAP No. MW 03-085, 2004 WL 6030762, at \*3 (B.A.P. 1st Cir. June 4, 2004). Generally, two theories support summary affirmance under these circumstances: (1) waiver, see United States v. Bayard, 642 F.3d 59, 63 (1st Cir. 2011) (stating failure to brief an issue waives it); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990); In re Ross, 2004 WL 6030762, at \*3 (stating we may "deem an argument waived if it is not presented in accordance with Bankruptcy Rule [8014]") (citations omitted); and (2) "no substantial question" presented. See 1st Cir. BAP L.R. 8013-1(c)(2) (authorizing summary disposition, including affirmance, "if it appears that no substantial question is presented").

Based on our review of the Debtor's opening brief and her failure to raise any meaningful, developed challenge to the orders on appeal, we go no further. See Zannino, 895 F.2d at 17; see also Morrissey v. Stuteville (In re Morrissey), 349 F.3d 1187, 1190 (9th Cir. 2003) (declining to reach the merits of the bankruptcy court's ruling after concluding BAP's summary affirmance was an appropriate sanction for failing to comply with briefing rules); 1st Cir. BAP L.R. 8013-1(c)(2).

## **CONCLUSION**

The Dismissal Order and the Order Denying Reconsideration are **SUMMARILY AFFIRMED**. See 1st Cir. BAP L.R. 8013-1(c)(2).